FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
NOV 29 2006
OFFICE OF THE CLERK

1  DEBRA WONG YANG
   United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   ELENA J. DUARTE (No. 168817)
4  Assistant United States Attorney
   Chief, Cyber and Intellectual Property
5  Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-8611
        Facsimile: (213) 894-8601
8       E-Mail:    Elena.duarte@usdoj.gov

9  Attorney for Plaintiff
   United States of America
10

11               UNITED STATES DISTRICT COURT
12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,     ) CR No. 06- 659
                                 )
14             Plaintiff,        ) PLEA AGREEMENT FOR DEFENDANT
                                 ) BRANDON W. HAWTHORN
15        v.                     )
                                 )
16 BRANDON W. HAWTHORN,          )  8:06ch320
                                 )
17             Defendant.        )
                                 )
18 _____)

19      1.  This constitutes the plea agreement between defendant
20 BRANDON W. HAWTHORN ("defendant") and the United States
21 Attorney's Office for the Central District of California ("the
22 USAO") in the above-captioned case.  This agreement is limited to
23 the USAO and cannot bind any other federal, state or local
24 prosecuting, administrative or regulatory authorities.
25

26  I hereby attest and certify on 11/29/06
    that the foregoing document is a full, true
27  and correct copy of the original on file in
    my office, and in my legal custody.
    CLERK U.S. DISTRICT COURT
28  CENTRAL DISTRICT OF CALIFORNIA
    DEPUTY CLERK





DOCKETED ON CM
SEP 26 2006
BY

## PLEA

2. Defendant agrees to plead guilty to a one-count information, charging a violation of Title 18, United States Code, Section 706 (False Personation of a Member or Agent of the American Red Cross), a Class B Misdemeanor, in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of a violation of Title 18, United States Code, Section 706, the following must be true: (1) defendant wore or displayed a sign of the Red Cross or an insignia colored in imitation thereof; (2) defendant did so for the fraudulent purpose of inducing the belief that he was a member or agent of the American National Red Cross. Defendant admits that defendant is, in fact, guilty of this offense, as described in the one-count information.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 706, a Class B Misdemeanor, is: 6 months imprisonment followed by a 1-year period of supervised release (or five years probation); a fine of $5,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $10.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison

2

1 for all or part of the term of supervised release, which could
2 result in defendant serving a total term of imprisonment greater
3 than the statutory maximum stated above.

4     6. Defendant also understands that the conviction in this
5 case may subject defendant to various collateral consequences,
6 including but not limited to revocation of probation, parole, or
7 supervised release in another case, and suspension or revocation
8 of a professional license. Defendant understands that
9 unanticipated collateral consequences will not serve as grounds
10 to withdraw defendant's guilty plea.

## FACTUAL BASIS

12     7. Defendant and the USAO agree and stipulate to the
13 statement of facts provided below. This statement of facts
14 includes facts sufficient to support a plea of guilty to the
15 charge described in this agreement. It is not meant to be a
16 complete recitation of all facts relevant to the underlying
17 criminal conduct or all facts known to defendant that relate to
18 that conduct.

19     a) <u>The American National Red Cross ("ARC")</u>.

20 The ARC is a humanitarian organization led by volunteers
21 that, among other things, provides relief to victims of
22 disasters. In 2005, in response to the destruction caused by
23 Hurricane Katrina in New Orleans and the surrounding areas, which
24 was one of the largest natural disasters faced by the United
25 States in recent history, the ARC undertook a $2 billion
26 fundraising effort, the largest disaster response in the history
27 of the organization.

28

        b)    <u>Defendant's False Personation of an ARC Volunteer</u>.

Defendant has never been an agent, employee, partner, volunteer or authorized solicitor for the ARC.

On August 31, 2005, defendant registered the website "helpkatrinavictoms.com." On the website, which defendant created, he purported to be a "site partner" with at least two legitimate charitable organizations, Network For Good and the ARC. His website proclaimed that "we will make sure the money raised by this site will go to the proper victims relief funds." The website included a link to defendant's personal PayPal account. The website also included the ARC insignia, which is a registered trademark of ARC, as well as the Network For Good logo, which is a registered trademark of Network for Good. The website displayed this information throughout September.

Throughout September 2005, defendant possessed and displayed on his website the sign and symbol of the ARC for the fraudulent purpose of inducing those reading his message on the Internet that defendant was a partner with, or authorized solicitor for, the ARC, when, in fact, defendant was neither. Defendant placed the website for sale on eBay at some point in late September, 2005; bidding ceased on September 28, 2005.

### WAIVER OF CONSTITUTIONAL RIGHTS

8. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.
    b) The right to a speedy and public trial by jury.
    c) The right to the assistance of legal counsel at

4

1 trial, including the right to have the Court appoint counsel for
2 defendant for the purpose of representation at trial. (In this
3 regard, defendant understands that, despite his plea of guilty,
4 he retains the right to be represented by counsel - and, if
5 necessary, to have the court appoint counsel if defendant cannot
6 afford counsel - at every other stage of the proceedings.)

7        d) The right to be presumed innocent and to have the
8 burden of proof placed on the government to prove defendant
9 guilty beyond a reasonable doubt.

10        e) The right to confront and cross-examine witnesses
11 against defendant.

12        f) The right, if defendant wished, to testify on
13 defendant's own behalf and present evidence in opposition to the
14 charges, including the right to call witnesses and to subpoena
15 those witnesses to testify.

16        g) The right not to be compelled to testify, and, if
17 defendant chose not to testify or present evidence, to have that
18 choice not be used against defendant.

19     By pleading guilty, defendant also gives up any and all
20 rights to pursue any affirmative defenses, Fourth Amendment or
21 Fifth Amendment claims, and other pretrial motions that have been
22 filed or could be filed.

## SENTENCING FACTORS

23
24     9.   Defendant and the USAO agree that the United States
25 Sentencing Guidelines ("USSG") do not apply to defendant's
26 violation of Title 18, United States Code, Section 706 (False
27 Personation of a Member or Agent of the American Red Cross), a
28 Class B Misdemeanor. See USSG § 1B1.9.

10. Defendant and the USAO agree and stipulate that the following sentence is appropriate in this case: a special assessment of $10 and 6 months of probation under terms and conditions to be determined after consideration of a presentence investigation report ("PSR"). The parties agree that a fine may be appropriate, but that the amount should be determined after consideration of the PSR.

11. The Court will determine the facts and calculations relevant to sentencing and decide whether to follow the recommendations of the parties to this agreement. The decision whether to follow the recommendation of the parties lies solely in the discretion of the Court. Both defendant and the USAO are free to: (a) supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

## DEFENDANT'S OBLIGATIONS

12. Defendant agrees:

    a) To plead guilty as set forth in this agreement at the first appearance before the magistrate judge assigned to the case. If defendant fails to plead guilty at this time, the government may void this agreement and seek dismissal of the information filed in this case.

    b) To not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) To not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond,

6

1 and (iv) obey any other ongoing court order in this matter.

2     d) Not to commit any crime;

3     e) To not knowingly and willfully fail to be truthful
4 at all times with Pretrial Services, the U.S. Probation Office,
5 and the Court.

6     f) To pay the applicable special assessment at or
7 before the time of sentencing unless defendant lacks the ability
8 to pay.

## THE USAO'S OBLIGATIONS

10   13. If defendant complies fully with all defendant's
11 obligations under this agreement, the USAO agrees:

12     a) To abide by all sentencing stipulations contained in
13 this agreement.

14     b) Except for criminal tax violations (including
15 conspiracy to commit such violations chargeable under 18 U.S.C.
16 § 371), not to further prosecute defendant for criminal
17 violations arising out of defendant's conduct described in the
18 stipulated factual basis set forth in paragraph 7 above, related
19 to the operation of the "helpkatrinavictoms.com" website from
20 August 31, 2005, through September 28, 2005. Defendant
21 understands that the USAO is free to prosecute defendant for any
22 other unlawful past conduct or any unlawful conduct that occurs
23 after the date of this agreement. Defendant agrees that at the
24 time of sentencing the Court may consider any uncharged conduct
25 in determining the sentence to be imposed.

## BREACH OF AGREEMENT

27   14. If defendant, at any time between the execution of this
28 agreement and defendant's sentencing on a non-custodial sentence

7

1  or surrender for service on a custodial sentence, knowingly
2  violates or fails to perform any of defendant's obligations under
3  this agreement ("a breach"), the USAO may declare this agreement
4  breached.  If the USAO declares this agreement breached, and the
5  Court finds such a breach to have occurred, defendant will not be
6  able to withdraw defendant's guilty plea, and the USAO will be
7  relieved of all of its obligations under this agreement.

8      15.  Following a knowing and willful breach of this
9  agreement by defendant, should the USAO elect to pursue any
10 charge that was not filed as a result of this agreement, then:

11          a) Defendant agrees that any applicable statute of
12 limitations is tolled between the date of defendant's signing of
13 this agreement and the commencement of any such prosecution or
14 action.

15          b) Defendant gives up all defenses based on the statute
16 of limitations, any claim of preindictment delay, or any speedy
17 trial claim with respect to any such prosecution, except to the
18 extent that such defenses existed as of the date of defendant's
19 signing of this agreement.

20          c) Defendant agrees that: i) any statements made by
21 defendant, under oath, at the guilty plea hearing; ii) the
22 stipulated factual basis statement in this agreement; and iii)
23 any evidence derived from such statements, are admissible against
24 defendant in any future prosecution of defendant, and defendant
25 shall assert no claim under the United States Constitution, any
26 statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
27 the Federal Rules of Criminal Procedure, or any other federal
28 rule, that the statements or any evidence derived from any

8

1  statements should be suppressed or are inadmissible.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

3  16. Defendant gives up the right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum specified in paragraph 4 above and is constitutional. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

13  17. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

## COURT NOT A PARTY

16  18. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

19. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

20. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

DEBRA WONG YANG
United States Attorney

_____          9/20/04
ELENA J. DUARTE                    Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this

agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____  9/14/06
BRANDON W. HAWTHORN        Date
Defendant

I am BRANDON W. HAWTHORN's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____  9-15-06
RUSSELL HARTFORD, Esq.     Date
Counsel for Defendant
BRANDON W. HAWTHORN

11

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I, **CARMEN MENDEZ**, declare: |
| 3 | That I am a citizen of the United States and resident or employed in Los Angeles County, |
| 4 | California; that my business address is the Office of United States Attorney, United States |
| 5 | Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of |
| 6 | eighteen years, and am not a party to the above-entitled action; |
| 7 | That I am employed by the United States Attorney for the Central District of California |
| 8 | who is a member of the Bar of the United States District Court for the Central District of |
| 9 | California, at whose direction I served a copy of: |
| 10 | **PLEA AGREEMENT FOR DEFENDANT BRANDON W. HAWTHORN** |
| 11 | service was: |

| | | | |
|---|---|---|---|
| [ ] | Placed in a closed envelope, for collection and interoffice delivery addressed as follows: | [XX] | Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows: |
| [ ] | By hand delivery addressed as follows: | [ ] | By facsimile as follows: |
| [ ] | By messenger as follows: | [ ] | By federal express as follows: |

Russell W. Hartford, Esq.
Caites, Shaffer,
Connealy Watson
201 E. 3rd
Chadron, NE 69337

This Certificate is executed on **September 25, 2006**, California.

I certify under penalty of perjury that the foregoing is true and correct.

CARMEN MENDEZ